# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

JANE DOE,
    Plaintiff,

vs.

FELIPE JAVIER VAZQUEZ,
    Defendant.

CASE NO: 2:22-cv-00200

**DEMAND FOR A JURY TRIAL**

## COMPLAINT

Plaintiff, Jane Doe, by and through her undersigned counsel, hereby sues Defendant, Felipe Javier Vazquez, and alleges:

**JURISDICTION**

1. This is an action for relief pursuant to 18 U.S.C. § 2255, and therefore this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2. This is also an action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between a citizen of Florida (Plaintiff) and citizen of a foreign state who, on information and belief is lawfully admitted to the United States but who is domiciled in the Commonwealth of Pennsylvania (Defendant) and therefore this Court would also have jurisdiction pursuant to 28 U.S.C. § 1332.

3. This is also an action for relief pursuant to state Common Law; and therefore this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a), as those claims form part of the same case or controversy as the claims arising under the above-referenced federal act.

**VENUE**

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 (b)(2), as a substantial part of the crimes committed by Defendant, Felipe Javier Vazquez, giving rise to the claims herein were committed by the Defendant within the geographic confines of the Middle District of Florida.

**PARTIES**

5. Plaintiff, Jane Doe, is an adult United States citizen domiciled in Lee County, Florida; and, at all times pertinent to this case, was an unemancipated minor child who was subjected to sexual crimes committed by Defendant, Felipe Javier Vazquez, beginning when she was 12 years old, including sexual battery and child pornography crimes.[1]

---

[1] Defendant Vazquez has been criminally convicted by a jury for several of his offenses against Jane Doe in the Commonwealth of Pennsylvania and is serving a prison term at the time of this filing. The criminal case garnered substantial press coverage nationwide due to the notoriety of Defendant Vazquez as a highly successful Major League Baseball player. Plaintiff has no such notoriety. In accord with the substantial privacy interests of Plaintiff as a child sexual abuse survivor, in particular in a case like this one involving severe mental health harm and a history of extensive press coverage, the name "Jane Doe" is a pseudonym. Plaintiff is filing contemporaneously with this Complaint a motion for leave to proceed anonymously in this litigation which addresses the issues and her mental health needs in greater detail. *See*, *Plaintiff*

6. Defendant, Felipe Javier Vazquez, is an individual and is not a United States citizen. Defendant Vazquez is domiciled in the Commonwealth of Pennsylvania, albeit involuntarily as an inmate in a Commonwealth prison. At all times material to the events at issue in this Complaint, Defendant Vazquez was an adult at or over 25 years of age.

**ALLEGATIONS COMMON TO ALL COUNTS**

7. Defendant Vazquez did commit numerous sex-based crimes against Jane Doe while she was a minor child, beginning when she was age 12 and continuing until she was 15, when her parents discovered the ongoing offenses, including without necessary limitation the following crimes that he committed against Jane Doe in the state of Florida and the Commonwealth of Pennsylvania:

    a. Child pornography violations of 18 Pa. C.S. § 6312, including solicitation and receipt via the Internet and cellular telephone of sexually explicit images and video recordings of the minor child, and transmission via the Internet and cellular telephone to the child of photographs and video recordings of himself engaged in sexual acts as an adult.

    b. Unlawful contact with the minor child for purposes of engaging in sexual activity with that minor in violation of 18 Pa. C.S. § 6318

---

*B. v. Francis*, 631 F. 3d 1310 (11th Cir. 2011). Notwithstanding, Defendant Vazquez and his legal counsel in the aforesaid criminal proceedings are aware of Jane Doe's identity.

    c.    Sexual assault on the minor child in violation of 18 Pa. C.S. § 3122, up to and including vaginal intercourse with her when she was 13 years of age.

    d.    Indecent assault on the minor child in violation of 18 Pa. C.S. § 3126.

    e.    Corruption of the minor child in violation of 18 Pa. C.S. § 6301.

    f.    Mental, emotional and sexual child abuse and child sexual exploitation, resulting in substantial harm to the minor child's mental and emotional health, as defined by Fla. Stat. § 39.01(2) and (34); with said offenses having been committed by Vazquez in violation of, without necessary limitation: Fla. Stat. § 827.03 (1)(b) and (2)(c) (pertaining to child abuse); Fla. Stat. § 827.071 (3) (pertaining to promoting a sexual performance by a child); Fla. Stat. § 827.071 (4) (pertaining to possession of child pornography with intent to promote a sexual performance by a child); Fla. Stat. § 847.0135 (pertaining to use of computers to abuse, exploit, solicit or attempt to exploit a child sexually); and Fla. Stat. § 777.04 (pertaining to criminal attempt and criminal solicitation).

8.    Defendant Vazquez's aforesaid numerous sex-based crimes against Jane Doe also included, without necessary limitation, the following offenses that he committed against Jane Doe in violation of the laws of the United States:

  a. 18 U.S.C. § 1470 of Title 18, pertaining to transferring or attempting to transfer obscene matter using a means of interstate commerce to a minor, like Jane Doe, under 16 years of age.

  b. 18 U.S.C. § 2251, 18 U.S.C. § 2252 and 18 U.S.C. § 2252A, pertaining to the production, distribution, reception, and possession of an image of child pornography with use of or affecting any means or facility of interstate or foreign commerce; including to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for purposes of producing visual depictions of that conduct.

9. To facilitate his crimes detailed herein, Defendant, Felipe Javier Vazquez, did groom, entice and manipulate Jane Doe as a minor child into communicating and meeting with him based on his celebrity status as a star pitcher and renowned professional Major League Baseball player with the Pittsburgh Pirates, as well as other Major League Baseball teams previously, including the Tampa Bay Rays and the Washington Nationals.  The purposeful process and tactics employed by Defendant Vazquez, in and of themselves, infused a false sense of fault in Jane Doe for her own abuses, and otherwise inflicted emotional distress and mental health harm on Jane Doe which constituted child abuse in addition to the sexual offenses detailed herein.

10. Until law enforcement interceded, Defendant, Felipe Javier Vazquez, did maintain on his cellular telephone and personal computer pornographic photographs and video recordings of Jane Doe that constituted child pornography in violation of aforesaid state and federal criminal statutes.

11. Defendant, Felipe Javier Vazquez, admitted upon confrontation with law enforcement officials that, at all pertinent times during which he engaged in the sex crimes at issue in this Complaint, he was aware that Jane Doe appeared "too young" for the sexual activities and was not of lawful age to engage in any form of the sexual activities that he instigated.

12. Defendant, Felipe Javier Vazquez, admitted upon confrontation with law enforcement officials that he did engage in sexual acts with Jane Doe when she was 13 years of age, including vaginal intercourse.

13. As a direct and proximate result of the aforesaid criminal conduct committed against Jane Doe by Defendant, Felipe Javier Vazquez, Plaintiff has suffered physical pain and injury and mental health damages requiring substantial ongoing professional medical and mental health assessment and treatment, and she will continue to require those interventions in the future.

14. Plaintiff has retained the undersigned law firms and has agreed to pay them reasonable attorneys' fees and costs for their representation in this matter.

**COUNT 1 – CIVIL ACTION PURSUANT TO 18 U.S.C. § 2255**

15. Plaintiff realleges and incorporates by reference the Facts Common to All Counts alleged above.

16. Pursuant to 18 U.S.C. § 2255, Plaintiff is entitled to recover civil damages from Defendant, Felipe Javier Vazquez, for his aforesaid violations of 18 U.S.C. §§ 2251, 2252, and 2252A, in which he victimized her as a minor child.

17. The damages to which Plaintiff is entitled include her actual damages or liquidated damages in the amount of $150,000, costs of this action and this litigation and reasonable attorney's fees, as well as punitive damages.

18. Defendant's aforesaid violations of federal law proximately and foreseeably caused actual damages to Plaintiff which she suffered in the past, continues to suffer, and will continue to suffer in the future.

19. Plaintiff's actual past, present, and future damages include, without necessary limitation: expenses for medical services for physical, psychiatric, and psychological care; mental health harm of a psychological and psychiatric nature, including trauma-based ailments and conditions co-morbid to trauma; emotional distress, pain and suffering; embarrassment, diminished self-esteem, disgrace, humiliation, and other pain and suffering; loss of capacity for the enjoyment of life; loss of income and lost earning capacity; aggravation of prior medical and mental health conditions; and reasonable attorneys' fees and costs.

20. Plaintiff's injuries are continuing in nature and Plaintiff will continue to suffer pain and emotional damage and permanent mental health injury in the future; and Plaintiff will require additional medical and mental health care and treatment for her injuries and ailments and will continue to suffer the loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff, JANE DOE, demands judgment against Defendant, FELIPE JAVIER VAZQUEZ, for all compensatory and punitive damages available at law, attorneys' fees and costs, as well as such other and further relief as the Court deems just and equitable under the circumstances.

**COUNT 2 – SEXUAL ABUSE OF MINOR CHILD IN VIOLATION OF PENNSYLVANIA LAW**

21. Plaintiff realleges and incorporates by reference the Facts Common to All Counts alleged above.

22. From and within the Commonwealth of Pennsylvania, Defendant Vazquez did solicit and facilitate the creation of pornographic images and videos of Plaintiff while she was a minor child, including the transmission of those images and videos with the use of the Internet and cellular telephones.

23. From and within the Commonwealth of Pennsylvania, Defendant Vazquez did transmit to Plaintiff while she was a minor child adult-oriented and sexual images.

24. From and within the Commonwealth of Pennsylvania, Defendant Vazquez did transmit to Plaintiff, while she was a minor child, communications of an adult-oriented and sexual nature.

25. Within the Commonwealth of Pennsylvania, Defendant Vazquez did initiate and engage in sexual acts with Plaintiff while she was a minor child, up to and including vaginal sexual intercourse.

26. At all times, Defendant Vazquez knew that Plaintiff Jane Doe was a minor child legally incapable of providing consent to any acts or communications of a sexual nature with him as a grown adult man.

27. The aforesaid conduct of Defendant Vazquez towards Plaintiff, Jane Doe, constituted child abuse and child sexual abuse under Pennsylvania law.

28. Defendant's aforesaid violations of law proximately and foreseeably caused damages to Plaintiff which she suffered in the past, continues to suffer and will continue to suffer in the future.

29. Plaintiff's past, present, and future damages include, without necessary limitation: expenses for medical services for physical, psychiatric, and psychological care; mental health harm of a psychological and psychiatric nature, including trauma-based ailments and conditions co-morbid to trauma; emotional distress, pain and suffering; embarrassment, diminished self-esteem, disgrace, humiliation, and other pain and suffering; loss of capacity for the enjoyment of

life; loss of income and lost earning capacity; and aggravation of prior medical and mental health conditions.

30. Plaintiff's injuries are continuing in nature and Plaintiff will continue to suffer pain and emotional damage and permanent mental health injury in the future; and Plaintiff will require additional medical and mental health care and treatment for her injuries and ailments and will continue to suffer the loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff, JANE DOE, demands judgment against Defendant, FELIPE JAVIER VAZQUEZ, for all compensatory and punitive damages available at law, attorneys' fees and costs, as well as such other and further relief as the Court deems just and equitable under the circumstances.

**COUNT 3 – SEXUAL ABUSE OF MINOR CHILD IN VIOLATION OF FLORIDA LAW**

31. Plaintiff realleges and incorporates by reference the Facts Common to All Counts alleged above.

32. From and within the State of Florida, Defendant, FELIPE JAVIER VAZQUEZ, did solicit and facilitate the creation of pornographic images and videos of Plaintiff while she was a minor child, including the transmission of those images and videos with the use of the Internet and cellular telephones.

33. From and within the State of Florida, Defendant Vazquez did transmit to Plaintiff while she was a minor child adult-oriented and sexual images.

34. From and within the State of Florida, Defendant Vazquez did transmit to Plaintiff, while she was a minor child, communications of an adult-oriented and sexual nature.

35. At all times, Defendant Vazquez knew that Plaintiff, Jane Doe, was a minor child legally incapable of providing consent to any acts of a sexual nature with him as a grown adult man.

36. The aforesaid conduct of Defendant Vazquez towards Plaintiff, Jane Doe, constituted child abuse and child sexual abuse under Pennsylvania law.

37. Defendant's aforesaid violations of law proximately and foreseeably caused damages to Plaintiff which she suffered in the past, continues to suffer, and will continue to suffer in the future.

38. Plaintiff's past, present, and future damages include, without necessary limitation: expenses for medical services for physical, psychiatric, and psychological care; mental health harm of a psychological and psychiatric nature, including trauma-based ailments and conditions co-morbid to trauma; emotional distress, pain and suffering; embarrassment, diminished self-esteem, disgrace, humiliation, and other pain and suffering; loss of capacity for the enjoyment of life; loss of income and lost earning capacity; and aggravation of prior medical and mental health conditions.

39. Plaintiff's injuries are continuing in nature and Plaintiff will continue to suffer pain and emotional damage and permanent mental health injury in the future; and Plaintiff will require additional medical and mental health care and treatment for her injuries and ailments and will continue to suffer the loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff, JANE DOE, demands judgment against Defendant, FELIPE JAVIER VAZQUEZ, for all compensatory and punitive damages available at law, attorneys' fees and costs, as well as such other and further relief as the Court deems just and equitable under the circumstances.

**TRIAL BY JURY**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Michael Dolce*
MICHAEL DOLCE, ESQ.
Florida Bar No. 48445
TAKISHA D. RICHARDSON, ESQ.
Florida Bar No. 42007
Cohen Milstein Sellers & Toll PLLC
11780 PGA Boulevard
Suite N500
Palm Beach Gardens, FL  33408
Tel. 561.515.1400
mdolce@cohenmilstein.com
trichardson@cohenmilstein.com

SHARON M. HANLON, ESQ.
Florida Bar No. 946620
Law Firm of Sharon M. Hanlon, PA
1415 Panther Lane, Suite 327
Naples, FL  34109-7874
Tel. 239.598.3222
shanlon@zelmanandhanlon.com

*Counsel for Plaintiff*