UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANE DOE,

     Plaintiff,

v.                      Case No.:  2:22-cv-200-JLB-KCD

FELIPE JAVIER VAZQUEZ,

     Defendant.

_____/

## ORDER[1]

Before the Court is Plaintiff's Motion to Proceed Using a Pseudonym (Doc. 3.)[2] Defendant Felipe Vazquez has not responded. Because Plaintiff Jane Doe will have to disclose information of the utmost intimacy to prosecute this case, the Court grants her motion.

### I. Background

Doe alleges that Vazquez, a former professional baseball player, was convicted in Pennsylvania of various sex-based crimes against Doe while she was a minor as young as twelve-years old. (Doc. 1 at 3–5.) These crimes include "ten counts of child pornography, and counts of corruption of minors, sexual

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

assault of a minor, unlawful sexual contact with a minor, and indecent assault on a minor." (Doc. 3 at 2.) Vazquez's trial, conviction, and sentencing allegedly received extensive media coverage. (*Id.* at 2.) Doe remained anonymous in those criminal proceedings; however, Vazquez and his legal counsel knew her identity. (*Id.* at 8.) Doe then sued Vazquez here seeking monetary damages. (Doc. 1.)

## II. Legal Standard

Generally, "every pleading . . . must name all the parties." Fed. R. Civ. P. 10(a). But in "the exceptional case[,] . . . a plaintiff may proceed under a fictitious name." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).[3] "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* This is a totality-of-the-circumstances analysis, the first step of which "is to consider whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020). All circumstances are to be considered, which, in other cases, have included: "whether the plaintiffs were

---

[3] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011). Risk of suffering mere personal embarrassment is not sufficient, even in cases of sexual assault. *Id.*

## III. Discussion

Of the first-step factors, only the second is relevant here: whether the plaintiff would be compelled to disclose information of "the utmost intimacy." Courts have historically struggled to decide whether this factor embraces allegations of sexual assault. But the plaintiff's status as a minor at the time of the assault has been recognized as an "aggravating factor" in favor of anonymity. *Fla. Abolitionist, Inc. v. Backpage.com LLC*, No. 617-CV-218-ORL28TBS, 2018 WL 2017535, at *2 (M.D. Fla. May 1, 2018). As the Eleventh Circuit has explained, "[t]he issues involved in this case could not be of a more sensitive and highly personal nature—they involve descriptions of the Plaintiffs in various stages of nudity and engaged in explicit sexual conduct while they were minors who were coerced by the Defendants into those activities." *Francis*, 631 F.3d at 1317. The same logic applies here. Doe alleges to have suffered sexual abuse by Vazquez when she was as young as twelve years old. (Doc. 3 at 7.) Nothing could be more personal or sensitive.

Although Doe has alleged no threats of violence or physical harm, the risk of such threats arises from Vazquez's celebrity status and the extensive

3

media attention garnered by his criminal trial. The Court also finds no fundamental unfairness to Vazquez because of Doe proceeding anonymously. Like the defendant in *Francis*, Vazquez knows Doe's identity and can thus conduct a full range of discovery to prepare for trial. (Doc. 3 at 8.)

Other circumstances also favor granting Doe anonymity. Given the media attention of the criminal trial, Doe is likely to suffer additional psychological trauma by disclosing her identity. (Doc. 3 at 2–3)*; see Doe v. Rickey Patel, LLC*, No. 6:19-CV-2414-ORL40LRH, 2020 WL 9073327, at *2 (M.D. Fla. Mar. 4, 2020). Additionally, because the two cases concern the same facts, the revelation of Doe's identity here would necessarily implicate her hidden identity in the criminal trial. (Doc. 3 at 8.) Other courts have found such revelation by extension to favor nondisclosure. *Doe v. Carnival Corp.*, 470 F. Supp. 3d 1317, 1320 n.1 (S.D. Fla. 2020); *Fla. Abolitionist, Inc.*, 2018 WL 2017535, at *2. Finally, Vazquez has not objected to Doe's use of a fictitious name.

Accordingly, the Court finds that, by the totality of the circumstances, Doe's privacy rights and fear of harm outweigh the presumption of judicial openness. Doe has met her burden to proceed anonymously.

It is now **ORDERED**:

Plaintiff's Motion to Proceed Using a Pseudonym (Doc. 3) is **GRANTED**.

**ORDERED** in Fort Myers, Florida this August 4, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record