UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANE DOE,

    Plaintiff,

v.                                           Case No.: 2:22-cv-200-JLB-KCD

FELIPE JAVIER VAZQUEZ,

    Defendant.
_____/

**ORDER**[1]

Before the Court is Plaintiff Doe's Motion for Default Judgment against Defendant Vazquez. (Doc. 15.) Having reviewed the motion and accompanying complaint, the Court finds the complaint an impermissible shotgun pleading. The claims are also not supported by clear legal authority. Thus, the Court denies the motion, grants Doe leave to file an amended complaint, and sets aside the clerk's default.

## I. Background

Doe alleges that Vazquez violated Pennsylvania and Florida laws by committing various sex-based crimes against her while she was a minor. (Doc.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

1 at 3–6.)² Vazquez was convicted for several of those offenses in Pennsylvania and is presently incarcerated. (*Id.* at 2.) Doe then sued seeking monetary damages for the harms she suffered, but Vazquez never responded despite personal service. (Doc. 11.) Doe was granted a clerk's default and now seeks a default judgment. (Doc. 15 at 2–3.)

## II. Legal Standard

The Court may enter a default judgment against a party who was properly served but failed to appear or respond. Fed. R. Civ. P. 55(b)(2). To do so, the Court must be convinced there is "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). In other words, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). A complaint meets this bar when it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Finally, certain particularly confusing complaints, known as "shotgun pleadings," are impermissible because they fail to give the defendant adequate notice. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320–21

---

² Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

(11th Cir. 2015). A properly drafted complaint "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The most common type of shotgun pleading contains multiple counts which each adopt the allegations of all prior counts. *Weiland*, 792 F.3d at 1321.

## III. Discussion

In reviewing the complaint under Rule 55, the Court sees two fatal errors. First, the complaint is a shotgun pleading. Paragraphs seven through fourteen, labeled "allegations common to all counts," detail the Pennsylvania, Florida, and federal laws Vazquez allegedly broke. (Doc. 1 at 3–6.) Then, the complaint realleges and incorporates those paragraphs in Count I to explain Doe's entitlement to relief under federal law. (*Id.* at 7.) Counts II and III do the same thing referring to Pennsylvania and Florida law respectively. (*Id.* at 8, 10.) Thus, each count, unique in its focus on a particular body of law, alleges violations of other, unrelated laws. Dismissal on this basis, even at the default judgment stage, is proper. *See Faison v. Ratliff*, No. 21-11098, 2022 WL 577584, at *3 (11th Cir. Feb. 25, 2022).

Second, the complaint does not adequately set forth the legal authority for its claims in Counts II and III. As noted above, both counts seek relief for state criminal law violations. (Doc. 1 at 8, 10.) But none of the state law citations provided include a civil remedy to support the relief requested. The

3

complaint does not request relief on a tort theory either. As a result, the Court cannot identify the grounds on which these counts rest. *Twombly*, 550 U.S. at 555.

The Court cannot enter default judgment given these deficiencies, but it will grant Doe an opportunity to address them in an amended complaint. If an amended complaint is not filed within fourteen days, the Court may recommend dismissal.

With Doe's motion denied and the Court granting leave to amend, only the clerk's default is left to address. (Doc. 14.) The Court may set aside a clerk's default for good cause. Fed. R. Civ. P. 55(c). Good cause may vary from situation to situation but often involves considering factors such as "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The Court finds good cause here because it is denying the default judgment and requesting an amended complaint. And nothing suggests that Doe would be prejudiced by vacating the entry of default. Thus, the Court does so now.

It is now **ORDERED**:

1. Plaintiff's Motion for Default Judgment is **DENIED without prejudice**;

2. Plaintiff is granted leave to file an amended complaint within 14-days of this order; and

3. The clerk's entry of default (Doc. 14) is set aside. The Clerk is directed to note this on the docket.

**ENTERED** in Fort Myers, Florida this August 31, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record