UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANE DOE,

      Plaintiff,

v.                           Case No.:  2:22-cv-200-JLB-KCD

FELIPE JAVIER VAZQUEZ,

      Defendant.

_____/

## <u>REPORT & RECOMMENDATION</u>

Before the Court is Plaintiff Jane Doe's Motion for Default Judgment against Defendant Felipe Javier Vazquez. (Doc. 26.) Having reviewed the request and accompanying complaint, the motion should be granted as to liability on all counts and as to statutory damages under Doe's federal claim (Count 1). But damages under Doe's state-law claims (Counts 2, 3, and 5)[1] are not a sum certain. Thus, the Court recommends an evidentiary hearing on these damages.

### I. Background

Doe alleges that Vazquez, while at least 25 years-old, committed various sex-based crimes against her while she was a minor. (Doc. 19.) [2] A

---

[1] The operative complaint does not include a "Count 4." (*See* Doc. 19.)

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Pennsylvania court convicted and incarcerated Vazquez for several of those offenses. (Doc. 26 at 2.) Doe then filed this case, seeking relief under a federal statute and state common laws for the harms she suffered. (Doc. 19.) Vazquez, still in prison, never responded despite personal service. (Doc. 23.) The clerk entered default (Doc. 25) and now Doe seeks a judgment (Doc. 26).

## II. Legal Standard

The Court may enter a default judgment against a party who was properly served but failed to appear or respond. Fed. R. Civ. P. 55(b)(2). To do so, the Court must be convinced there is "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). In other words, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). A complaint meets this bar when it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Finally, a defendant's default admits the plaintiff's well-pleaded allegations of fact. *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

## III. Discussion

### A. Jurisdiction

Essential to a valid claim is jurisdiction. Thus, the Court must first ensure that it has jurisdiction over the claims and parties. As for personal

jurisdiction, Count 1 is based on 18 U.S.C. § 2255. This statute authorizes a nationwide service of process when, as here, the plaintiff alleges certain claims under 18 U.S.C. §§ 2251, 2252, and 2252A. *See Doe #1 v. MG Freesites, LTD*, No. 7:21-CV-00220-LSC, 2022 WL 407147, at 25 (N.D. Ala. Feb. 9, 2022). Vazquez's harmful actions took place entirely within the United States. (*See* Doc. 19.) Thus, nationwide service of process affords personal jurisdiction and there are no facts present that make Vazquez's appearance before this Court "rise to a level of constitutional concern." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 947 (11th Cir. 1997) ("Where . . . Congress has provided for nationwide service of process, courts should presume that nationwide personal jurisdiction is necessary to further congressional objectives."). And the Court has personal jurisdiction over the rest of the claims because they come "from the same jurisdiction generating event" as the facts giving rise to Count 1. *Cronin v. Washington Nat. Ins. Co.*, 980 F.2d 663, 671 (11th Cir. 1993); *SkyHop Techs., Inc. v. Narra*, No. 21-14051, 2023 WL 414928, at *12 (11th Cir. Jan. 26, 2023).

The Court is also satisfied with Doe's showing of subject matter jurisdiction. Her federal claim creates subject matter jurisdiction under 28 U.S.C. § 1331. And that federal question gives rise subject matter jurisdiction for the rest of the claims under 28 U.S.C. § 1367.

One last preliminary matter. Default judgment is only appropriate against "a properly served defendant." *Baker v. Advanced Imaging of Port Charlotte, LLC*, No. 2:17-CV-403-FTM38MRM, 2018 WL 11414004, at *1 (M.D. Fla. Aug. 16, 2018). Under 18 U.S.C. § 2255, "process may be serviced in any district in which the defendant is an inhabitant; or may be found." Here, service was made on Vazquez personally in a Pennsylvania prison (Doc. 23), so he was property served.

**B. Liability**

With jurisdiction out of the way, the next question is whether "the well-pleaded allegations in the complaint are sufficient to state a substantive cause of action." *Baker*, 2018 WL 11414004, at *1. The Court thus turns to liability.

*Count 1: Federal Statute*

Congress has created a civil cause of action for victims of various federal sexual offenses. 18 U.S.C. § 2255. Doe alleges Vazquez violated three such statutes: §§ 2251, 2252, and 2252A. (Doc. 19 at 4.) Each are considered in turn. But first, it is useful to lay out the facts common to all three federal statutes.

Vazquez kept a cellphone and personal computer to produce, distribute, receive, and possess pornographic photographs and videos of Doe while she was as young as 12 years old. (Doc. 19 at 4.) He used his cellphone to persuade, induce, entice, and coerce Doe into producing sexually explicit content for his viewing. (*Id.*) He also used his cellphone to send obscene matter to her across

4

state lines. (*Id.* at 5.) In this way, Vazquez used his cellphone as a means of interstate commerce. (*Id.* at 4-5.) And he admitted at all relevant times that Doe appeared "too young" and not of lawful, consenting age. (*Id.* at 5.) These facts are admitted by Vazquez's default. *Nishimatsu Const. Co.*, 515 F.2d at 1206.

The first federal statute, 18 U.S.C. § 2251, states:

> (a) Any person who . . . persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or . . . or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

The statutory language so closely aligns with the facts that the Court is satisfied it has been met without further analysis. And the same can be said for the next two federal statutes. Section 2252 reads:

> (a) Any person who— (1) knowingly transports . . . using any means or facility of interstate or foreign commerce . . . any visual depiction, if— (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct; (2) knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce . . . if— (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit

> conduct; and (B) such visual depiction is of such
> conduct; shall be punished as provided in subsection
> (b) of this section.

And last, § 2252A declares:

> (a) Any person who— (2) knowingly receives or
> distributes— (A) any child pornography using any
> means or facility of interstate or foreign commerce . . .
> or (B) any material that contains child pornography
> using any means or facility of interstate or foreign
> commerce  .  .  .  shall be punished as provided in
> subsection (b).

Nothing more is needed on this point.

*Count 2: Battery Under Pennsylvania Common Law*

"Under Pennsylvania law, an individual commits a battery when he or she intentionally causes a harmful or offensive contact with another person's body." *Millbrook v. United States*, 714 F. App'x 109, 115 (3d Cir. 2017) (quoting *Cooper v. Lankenau Hosp.*, 51 A.3 183, 191 (Pa. 2012)). The defendant need not intend harm—merely the physical contact. *Field v. Phila. Elec. Co.*, 565 A.2d 1170, 1178 (Pa. Super. 1989). And the contact need not cause injury. *Stilley v. Univ. of Pittsburgh of Com. Sys. of Higher Educ.*, 968 F. Supp. 252, 259 (W.D. Pa. 1996).

Doe alleges Vazquez engaged in vaginal intercourse with her while she was 13 and he was at least 25. (Doc. 19 ¶ 21.) He later admitted this to law enforcement officials. (*Id.* ¶ 24.) These actions took place in Pennsylvania (*Id.*

¶ 21) and without Doe's consent (*Id.* ¶ 22). And the sexual contact caused Doe pain, injury, and mental health harm requiring ongoing treatment. (*Id.* ¶ 26.)

Intent and physical contact are clearly established. And while lack of consent is not a required element, *M.T. by & through Amber H. v. Uniontown Area Sch. Dist.*, No. CV 20-614, 2021 WL 807713, at *9 (W.D. Pa. Mar. 3, 2021), it does go to establishing that the physical contact was harmful or offensive. *Sims v. Peace of Mind Living Habilitative Servs., LLC*, No. 2:19-CV-413, 2021 WL 5629974, at *13-14 (W.D. Pa. Dec. 1, 2021) (finding offensive contact "where an unappreciated kiss is bestowed without consent"). And, in any event, the harm Vazquez caused was directly alleged. (*Id.* ¶ 26.) Thus, the Court finds him liable for battery under Pennsylvania common law.

### *Count 3: Intentional Infliction of Emotional Distress Under Pennsylvania Common Law*

"A claim for intentional infliction of emotional distress under Pennsylvania law requires four elements: (1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe." *Miller v. Comcast*, 724 F. App'x 181, 182 (3d Cir. 2018). The first element requires actions "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in

a civilized society." *Robinson v. Nat'l R.R. Passenger Corp*, 821 F. App'x 97, 102 (3d Cir. 2020).

While in Pennsylvania, Vazquez exchanged sexually explicit images and videos with Doe knowing she was a minor. (Doc. 19 ¶¶ 29-30, 36.) Some of these images and videos were of Doe herself, which Vazquez solicited. (*Id*.) And he engaged in vaginal intercourse with Doe despite knowing she could not consent because of her age. (*Id*. ¶¶ 31-33.) He accomplished this over a three-year period, using his celebrity status as a famous professional athlete and manipulating and infusing within her a false sense of fault for what he did. (*Id*. ¶ 7-8.) Undoubtedly, Vazquez's conduct was extreme and outrageous. There is no place for it in a civilized society. He acted intentionally and caused Doe severe emotional distress resulting in ongoing mental health treatment. (*Id*. ¶ 38-39.) Thus, Doe states a valid claim for relief here too.

### *Count 5: Intentional Infliction of Emotional Distress Under Florida Common Law*

Florida has adopted the same test as Pennsylvania for intentional infliction of emotional distress. Thus, under Florida law, "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability." *Lopez v. Target Corp.*, 676 F.3d 1230, 1236 (11th Cir. 2012). "Outrageous conduct . . . is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and

to be regarded as atrocious, and utterly intolerable in a civilized community." *Wu v. Sagrista*, No. 19-81203-CIV, 2020 WL 13539947, at *4 (S.D. Fla. June 19, 2020) (citing *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 279 (Fla. 1985)).

The Amended Complaint satisfies these elements because it alleges Vazquez behaved in much the same way in Florida as he did in Pennsylvania. For two years, he sent Doe photographs of sexual content, some of which included him. (Doc. 19 ¶¶ 42, 43.) He solicited pornographic images and videos from Doe which he kept on his cellphone. (*Id.* ¶ 44.) He was manipulative and infused within her a false sense of fault. (*Id.* ¶ 7-8.) All this he did intentionally and with reason to know she was too young to consent. (*Id.* ¶ 49, 52.) Finally, Doe alleges Vazquez's conduct caused "substantial harm to [her] mental and emotional health" and severe emotional distress. (*Id.* ¶ 46, 53.)

Although Vazquez may not have had sexual intercourse with Doe in Florida, exchanging pornographic content with a minor is outrageous enough. A Florida court has considered "the permanence of photographs . . . and the clear atrocious, intolerable, and heinous nature of crimes involving child pornography" to be signs of outrageousness. *Wu*, 2020 WL 13539947, at *4. And here, the conduct is aggravated by it happening repeatedly over a two-year period. Add in Vazquez's celebrity and emotional manipulation, and the

facts alleged in this count may be properly considered extreme. They are certainly intolerable and go beyond all possible bounds of decency.

## C. Damages

The Court must ensure there is a legitimate basis for the damages requested. *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). It may not enter a damages award without a hearing unless "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985). Thus, "a plaintiff seeking default judgment must show the Court what [her] damages are, how they are calculated, and where they come from." *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1294 (S.D. Ala. 2010).

For her federal claim, Doe asks for $150,000 in liquidated damages and for the Court to find her entitled to attorney's fees. (Doc. 26 at 16.) The governing statute states a successful claimant "shall recover the actual damages [she] sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred." 18 U.S.C. § 2255. Because Doe is statutorily entitled to the damages she seeks, her request is granted. Doe's demand for attorney's fees should be decided at the conclusion of the case to avoid wasting judicial resources on piecemeal adjudication of this issue. *See* Md. Fla. R. 7.01.

As for her state-law claims, Doe seeks a hearing on economic damages and a jury trial on her unliquidated damages. (Doc. 26 at 16-17.) But the federal rules do not guarantee her a jury trial in this case: "The court *may* conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2); *see Coton v. Televised Visual X-Ography, Inc.*, No. 8:07-CV-1332-T-TGW, 2010 WL 813345, at *2 (M.D. Fla. Mar. 9, 2010) (construing Rule 55 to require a federal statutory right to a jury trial in default cases specifically). And denying Doe's request for a jury trial on damages in default would not violate her Seventh Amendment rights. *See Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 218CV01479KOBHNJ, 2021 WL 289596, at *2 (N.D. Ala. Jan. 28, 2021), *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990), *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003), *Dierschke v. O'Cheskey*, 975 F.2d 181, 185 (5th Cir. 1992), *Graham v. Malone Freight Lines. Inc.*, 314 F.3d 7, 16 (1st Cir. 1999). Doe's state-law claims are not based on a federal statute, so she is not entitled to a jury trial on her damages. Thus, the Court grants her request for a hearing on economic damages, but not a jury trial. Instead, Doe must establish her unliquidated damages to this Court.

For these reasons, the Court **RECOMMENDS** that:

1. Doe's Motion for Default Judgment be **GRANTED** as to Vazquez's liability on all counts;

2. Doe be awarded $150,000 in statutory liquidated damages on Count 1;

3. Doe's request for fees and costs be decided at the conclusion of the case consistent with Local Rule 7.01;

4. The Court set an evidentiary hearing to determine Doe's economic and unliquidated damages; and

5. The Clerk **MAIL** a copy of the Court's Order and any notice of hearing to Defendant Vazquez at his last known address in the Court file.

**ENTERED** in Fort Myers, Florida on February 3, 2023.


Kyle C. Dudek
United States Magistrate Judge

Copies:   All Parties of Record

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.