UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANE DOE,

      Plaintiff,

vs.

FELIPE JAVIER VAZQUEZ,

      Defendant.

CASE NO: 2:22-cv-00200-JLB-KCD

**PLAINTIFF'S MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT ON COUNT 1 AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, JANE DOE ("Plaintiff"), by and through the undersigned counsel and pursuant to Rules 58 and 54(b), Federal Rules of Civil Procedure, respectfully moves this Court for entry of a Partial Final Money Judgment on Count 1 of the Amended Complaint. As grounds for this motion, Plaintiff states as follows.

Relevant Procedural History. Plaintiff's 4-count Amended Complaint was filed on September 14, 2022, seeking damages against Defendant for his sexual abuse and exploitation of Plaintiff when she was a minor child and he was a professional Major League Baseball pitcher. [DE 19] Count 1 of the Amended Complaint, the only Count relevant to this motion, was brought pursuant to 18 U.S.C. § 2255, which provides for, *inter alia*, statutory damages of $150,000 upon a finding of liability against a defendant.

Defendant failed to answer the Amended Complaint, and a Clerk's Default was entered against him on December 20, 2022. [DE 25] On January 24, 2023, Plaintiff filed her Motion for Default Judgment on all counts of the Amended Complaint. [DE 26] On February 3, 2023, Magistrate Judge Dudek issued his Report and Recommendation recommending that the motion be granted as to Defendant's liability on all counts, that statutory damages of $150,000 be awarded to Plaintiff under Count 1, and that an evidentiary hearing be set to address Plaintiff's damages under the remaining counts. [DE 27] On April 27, 2023, this Court entered an order adopting the Magistrate's report and recommendation and granting Plaintiff's motion ("April 27 Order"). [DE 33]

Regarding Count 1 of the Amended Complaint, the April 27 Order states in relevant part:

> 1. Plaintiff's Motion for Default Judgment is GRANTED as to Defendant's liability on all counts.
>
> 2. Plaintiff is awarded $150,000 in statutory liquidated damages on Count 1 of the Amended Complaint (Doc. 19).[1]

Because the April 27 Order awarded Plaintiff her statutory damages under Count 1 of the Amended Complaint, Plaintiff recently engaged collections counsel

---

[1] The April 27 Order also referred the evidentiary hearing on damages under the remaining counts of the Amended Complaint to Magistrate Judge Dudek. That hearing was held on June 21, 2023. The report and recommendation on the damages hearing has not yet been issued.

to begin the process of executing on the judgment. It was only then that Plaintiff learned that the April 27 Order did not meet the requirements of an executable final judgment under federal and Florida law and that a separate final judgment had to be entered by the Court for the collection proceedings to move forward. Plaintiff now seeks entry of an executable partial final judgment on Count 1.

Time is of the essence in obtaining an executable final money judgment and beginning collections proceedings immediately against Defendant. Upon information and belief, Defendant, who is currently incarcerated for the crimes committed against Plaintiff, is scheduled to be released from prison on September 17, 2023. Plaintiff was advised by the Pennsylvania parole board that he may be immediately deported to his home country upon his release because he is refusing to take the mandatory sex offender classes required under his sentence.

For this reason, Plaintiff respectfully moves the Court to issue an executable final money judgment on Count 1 of the Amended Complaint without waiting for the report and recommendation to be issued by Magistrate Judge Dudek on the remaining counts of the Amended Complaint.

## INCORPORATED MEMORANDUM OF LAW

Rule 58 of the Federal Rules of Civil Procedure states that "[e]very judgment and amended judgment must be set out in a separate document" and that a "party

may request that judgment be set out in a separate document." Fed. R. Civ. P. 58(a) and (d).

Rule 69 governs execution of a money judgment and requires that the procedure on execution "must accord with the procedure of the state where the court is located" – in this case, Florida. Fed. R. Civ. P. 69(a)(1). Under Florida law, for a money judgment to be executable, the judgment must specifically include (i) both the name and address of the plaintiff/judgment creditor and the defendant/judgment debtor, and (ii) that it state that the monetary award is executable, *i.e.*, it must include the phrase "all for which let execution issue." Fla. Stat. § 55.01; *Martinec v. Party Line Cruise Co.,* 350 Fed. Appx. 406, 407-408 (11th Cir. 2009) (district court erred in failing to include execution language in final judgment).

Exeuction may only issue upon a final judgment. Although, ordinarily a judgment is final only if it resolves all of the claims against all of the parties in a particular action, the court may direct entry entry of a partial final judgment on fewer than all the claims "if the Court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

A partial final judgment may be properly certified as final and executable under Rule 54(b) where it completely disposes of at least one substantive claim. *In Re Southeast Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995). Claims are separable

4

when there is more than one possible recovery or if "different sorts of relief are sought." *Id.* "When either of these circumstances exist, claims are 'separately enforceable' and subject to Rule 54(b) certification even if they arise out of a single transaction or occurrence." *Id.*

Here, Plaintiff's claim in Count 1 is separable from the other counts because the relief it affords is different and distinguishable from that afforded in the other counts. Count 1, based on a federal statute, permits an award of statutory damages without an evidentiary hearing. The other counts, brought under Pennsylvania and Florida common law, have no provision for the award of statutory damages but rather permit an award of economic and non-economic damages upon the fact-finder's determination that such an award is appropriate based on the evidence presented.

Regarding Rule 54(b)'s requirement that there be "no just reason for delay," the court has wide deference in making that assessment. *Id.* at 1546. Here, Plaintiff submits that Defendant's impending release from prison and deportation out of the country makes it not only just, but *imperative* that a partial final judgment on Count 1 be entered forthwith before Defendant disappears out of the country, so that Plaintiff is not prejudiced in collecting her statutory damages under Count 1.

<u>Form 1.977 Fact Information Sheet – Request to Shortin Time for Response</u>. Under Florida law, a party may request that the Court order a judgment debtor to

5

complete form 1.977, within 45 days of the judgment or such other reasonable time as determined by the court. Fla. R. Civ. P. 1.560(b). Where a party makes such a request, the Court must include the following "Final Judgment Enforcement Paragraph" in the final judgment:

> It is further ordered and adjudged that the judgment debtor(s) shall complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney, within 45 days from the date of this final judgment, unless the final judgment is satisfied or post-judgment discovery is stayed. Fla. R. Civ. P. 1.560(c)

Plaintiff respectfully requests that the Court include this paragraph in the partial final judgment on Count 1 **but that the response time be shortened to 25 days because of Defendant's impending release from prison and potential deportation**.

Consent to including Plaintiff's Name in the Partial Final Judgment. Plaintiff is aware that she has appeared in this action under a pseudonym. However, to render the partial final judgment executable, Plaintiff consents to including her name and address in the partial final judgment.

**WHEREFORE,** Plaintiff JANE DOE respectfully requests that a partial final monetary judgment be entered on Count 1 of the Amended Complaint awarding

Plaintiff statutory damages of $150,000 plus post-judgment interest, and requiring Defendant to complete Form 1.977, Fact Information Sheet within 25 days of the date of the judgment, and for such other and further relief as this Court deems just and proper.

                Respectfully submitted,

                */s/ Takisha D. Richardson*
                LESLIE M. KROEGER, ESQ.
                Florida Bar No. 989762
                TAKISHA D. RICHARDSON, ESQ.
                Florida Bar No. 42007
                Cohen Milstein Sellers & Toll PLLC
                11780 PGA Boulevard
                Suite N500
                Palm Beach Gardens, FL  33408
                Tel. 561.515.1400
                lkroeger@cohenmilstein.com
                trichardson@cohenmilstein.com

                SHARON M. HANLON, ESQ.
                Florida Bar No. 946620
                Law Firm of Sharon M. Hanlon, PA
                1415 Panther Lane, Suite 327
                Naples, FL  34109-7874
                Tel. 239.598.3222
                shanlon@zelmanandhanlon.com

                *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify on July 21, 2023, a true and correct copy of the foregoing was filed with the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by U.S. Mail to Defendant at the following address:

Felipe Javier Vazquez
Camp Hill SCI
2500 Lisburn Road
Camp Hill, PA  17011

                                        */s/ Takisha D. Richardson*
                                        Takisha D. Richardson
                                        Florida Bar No. 42007
                                        trichardson@cohenmilstein.com