UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANE DOE,

    Plaintiff,

v.                                        Case No.:  2:22-cv-200-JLB-KCD

FELIPE JAVIER VAZQUEZ,

    Defendant.
_____/

## REPORT & RECOMMENDATION

Defendant Felipe Javier Vazquez failed to appear or defend himself in this suit and a judgment was entered against him for $11,435,476.63. (Doc. 33.)[1] The case is now before the Court for consideration of attorney's fees and costs. (Docs. 51, 53, 55.) After considering the affidavits and billing records presented, and for the reasons below, the Court recommends awarding Doe $225,351.75 in attorney's fees and $27,423.42 in costs.

The facts of this case are distressing. For judicial economy and because the parties are familiar with the background, which has been detailed at length (Doc. 48), the Court will not again regurgitate the facts.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Under 18 U.S.C. § 2255, a victim such as plaintiff who "suffers personal injury" as a result of a violation of this statute "may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred." 18 U.S.C. § 2255(a). Doe seeks attorney's fees and costs under this statute, and the Court finds she is a prevailing party entitled to such relief.

An attorney fee award is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate to arrive at the lodestar figure. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an award of fees must submit adequate documentation of hours and rates in support, or the award may be reduced. *Id.*

Doe is represented by two law firms and claims a lodestar of $225,351.75. (Doc. 53 at 5.) Attorneys Kroeger, Richardson, and Hanlon submitted affidavits supporting the fee request, stating that their attached billing records were compiled in the usual and ordinary course of business. (Docs. 53-1, 53-2, 53-3; Doc. 55.) The filings detail their individual qualifications and experience, as well as ledgers detailing the billable hours incurred by the attorneys and paralegals that were reasonable and necessary for the prosecution of this matter. The Court agrees they are reasonable.

The request for costs lists the costs of the process server and the filing fee (Doc. 53 at 13), which are taxable under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. The remaining expenses for telephone charges, delivery, postage, travel, expert witness fees, and electronic research are not taxable costs but are permitted litigation costs under the statutory authority of 18 U.S.C. § 2255(a), which appear reasonable. Therefore, $27,423.42 should be permitted.

Accordingly, it is recommended:

1. Plaintiff's Motion to Determine Attorney's Fees and Expenses (Doc. 51) be **GRANTED**;

2. The Court should arrive at a lodestar amount of $225,351.75 in attorney's fees;

3. The Court should arrive at a cost award of $27,423.42;

4. The judgment be modified to include $252,764.17 in attorney's fees and costs payable by Defendant;[2] and

5. The Clerk of Court is **DIRECTED** to mail a copy of this Report & Recommendation to Vazquez at his last known address in the Court file.

**Recommended** in Fort Myers, Florida on September 22, 2023.

Kyle C. Dudek
United States Magistrate Judge

---

[2] The damages judgment was entered in Doe's legal name. The amended judgment should do the same.

Copies: All Parties of Record

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.