UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANE DOE,

      Plaintiff,

      v.

FELIPE JAVIER VAZQUEZ,

      Defendant,

Case No. 2:22-cv-200-JLB-KCD

                                      /

## ORDER

Before the Court is Plaintiff Jane Doe's Motion to Commence Proceedings Supplementary and to Implead Prescilla Vazquez Cosme, Both Individually and as Trustee of the Obalita 57 Trust Dated September 21, 2020; SouthState Bank, N.A., f/k/a CenterState Bank N.A.; and First Green Park, Inc. and to Avoid Fraudulent Transfers; and for the Imposition of Equitable Lien and/or Constructive Trust. (Doc. 93.)[1] For the reasons below, the motion is granted in part and denied in part.

## I. Background

For judicial economy and because the parties are familiar with the background, which has been detailed at length (Doc. 48), the Court will not again regurgitate the facts. Last year, the Court entered a judgment against Defendant for $11,435,476.63, plus post-judgment interest. (Doc. 50.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Thereafter, Plaintiff learned through third-party discovery that Defendant fraudulently transferred millions of dollars to his sister Prescilla Vazquez Cosme. The transfers allegedly took place during the period Defendant committed crimes against Plaintiff. (Doc. 93 ¶ 19.)

Cosme used the fraudulent transfers to purchase a property in Saint Cloud, Florida (the Friars Cove Property) and to maintain and improve that property. (*Id.* at ¶¶ 29-44.) The Friars Cove Property was then transferred to the Obalita 57 Trust, with Cosme as trustee. (*Id.* ¶ 43.)

After Cosme's transfer of the Friars Cove Property to the Obalita Trust, two mortgages were recorded against it: one in favor of SouthState Bank for $2.5 million (*Id.* ¶ 46), and the second in favor of First Green Park, Inc. for $100,000 (*Id.* ¶ 47).

Under Florida Statute § 56.29, Plaintiff moves to implead third-parties Cosme (individually and as trustee of the Obalita Trust) and SouthState Bank and First Green Park, Inc. (as lienholders). Plaintiff requests that the Court order proceedings supplementary under Fla Stat. § 56.29(1), grant Plaintiff leave to file its Impleader Complaint,[2] order the impleader defendants to respond within twenty (20) days after service, and award fees and costs associated with the proceedings supplementary under § 56.29(8).

---

[2] The Impleader Complaint contains claims for fraudulent transfer under Florida's Uniform Fraudulent Transfer Act, Fla. Stat. §§ 726.105(1)(a), 726.108; equitable lien and foreclosure of equitable lien; and constructive trust. (Doc. 94.)

Plaintiff also requests that the Court appoint a magistrate under Fla. Stat. §56.29 to conduct an in-court examination of Cosme concerning assets subject to execution, enter an equitable lien or constructive trust on the Friars Cove Property, and foreclose on that property. (*Id.* at 9, 13-14.) Defendant has not responded to these requests.

## II. Legal Standard

Proceedings supplementary are governed by Federal Rule of Civil Procedure 69. They are not independent causes of action but rather "post-judgment proceedings that permit a judgment creditor to effectuate a judgment lien." *ABM Fin. Servs., Inc. v. Express Consolidation, Inc.*, No. 07-60294, 2011 WL 915669, at *1 (S.D. Fla. Mar. 16, 2011). Put simply, proceedings supplementary allow a creditor to marshal the assets of a judgment debtor in the hands of an impleaded party without having to initiate a separate action. *See Est. of Jackson v. Ventas Realty, Ltd. P'ship*, 812 F. Supp. 2d 1306, 1310 (M.D. Fla. 2011).

Rule 69 provides that proceedings supplementary "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69. In Florida, post-judgment proceedings fall under Fla. Stat. § 56.29. This statute "empowers the Florida court that rendered a judgment to order any property of the judgment debtor, not exempt from execution, in the hands of any

person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt." *Est. of Jackson*, 812 F. Supp. 2d at 1309.

Section 56.29(1) imposes two jurisdictional requirements for the commencement of proceedings supplementary: (1) an unsatisfied judgment or judgment lien and (2) an affidavit claiming the judgment is valid and unsatisfied along with a list of persons to be impleaded. *Morningstar Healthcare, L.L.C. v. Greystone & Co.*, No. 8:05-CV-949-T-MAP, 2008 WL 1897590, at *1 (M.D. Fla. Apr. 28, 2008). Nothing else is required. And "[u]pon a showing of the statutory prerequisites, the court has no discretion to deny the motion." *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1119 (Fla. Dist. Ct. App. 2018).

In proceedings supplementary, the court may order that property of the judgment debtor held by third parties be applied toward satisfaction of the judgment debt and consider any claims brought by the judgment creditor under Florida's Uniform Fraudulent Transfer Act. Fla. Stat. § 56.29(6). Additionally, costs for proceedings supplementary and reasonable attorney's fees may be taxed against the defendant. *Id.* § 56.29(8).

### III. Discussion

Plaintiff has satisfied the requirements of § 56.29. In an affidavit, Plaintiff claims she has a valid and outstanding judgment totaling $11,435,476.63. (Doc. 93 at 19.) The motion further details that Defendant

transferred at least $3,584,646.25 to his sister, Cosme, to place such assets beyond the reach of creditors, particularly Plaintiff. (Doc. 93 ¶ 2.) After Cosme used a significant amount of this money to purchase, maintain, and improve the Friars Cove Property, she then transferred the property to the Obalita Trust. She then took out two mortgages on the property with SouthState Bank and First Green Park. Based on these statements, Plaintiff may commence proceedings supplementary against Cosme individually and as trustee of the Obalita Trust, as well as SouthState Bank and First Green Park. *See, e.g., Forster v. Nations Funding Source, Inc.*, 648 F. App'x 850, 851 (11th Cir. 2016) ("If the party satisfies the statutory requirements and alleges that the judgment debtor has transferred property to delay, hinder, or defraud creditors, no other showing is necessary in order to implead the third party[.]").

In sum, Plaintiff has shown, through her motion, affidavit, and proposed Impleader Complaint, that impleading the identified third parties is warranted. The impleaded defendants will have the opportunity to raise any defenses and protect their interests once served. *See Off. Bldg., LLC v. CastleRock Sec., Inc.*, No. 10-61582-CIV, 2011 WL 1674963, at *3 (S.D. Fla. May 3, 2011).

Once supplementary proceedings are allowed, § 56.29(2) provides that the court will issue a notice to appear that "describe[s] with reasonable

particularity the property, debt, or other obligation that may be available to satisfy the judgment[.]" *Id.* Plaintiff has not yet filed any proposed notices. If Plaintiff wishes to proceed with supplementary proceedings, she must file notices that align with the scope of § 56.29(2). *See In re Amend. to Fla. Rule of Civ. Proc. 1.570 & Form 1.914*, 244 So. 3d 1009, 1010 (Fla. 2018) (providing required form for notice to appear); *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-CV-366-ORL-40LRH, 2020 WL 13104165, at *3 (M.D. Fla. Aug. 10, 2020) (explaining "it is incumbent upon [the judgment creditor] to provide the Court with the Notices to Appear" since it is the judgment creditor's "duty to identify the property, debt, or other obligation that may be available to satisfy the judgment").

As for Plaintiff's remaining requests—that the Court appoint a magistrate under Fla. Stat. §56.29 to conduct an in-court examination of Cosme concerning assets subject to execution, to enter an equitable lien or constructive trust on the Friars Cove Property, to foreclose on that property, and for costs and attorney's fees (Doc. 93 at 9, 13-14)—those will be denied without prejudice to be reasserted once the impleaded defendants appear. *See Kobarid Holding, S.A. v. Reizen*, No. 03-23269-CIV, 2007 WL 14294, at *3 (S.D. Fla. Jan. 2, 2007) ("[A]n order impleading third parties under Fla. Stat § 56.29 does not determine the substantive rights of any party. It merely allows third parties to be sued."); *Kobarid Holding, S.A. v. Reizen*, No. 03-

23269-CIV, 2007 WL 14294, at \*3 (S.D. Fla. Jan. 2, 2007) (granting the plaintiff's motion to commence supplementary proceedings but denying without prejudice to renew at a later date, if appropriate, the plaintiff's request for costs and attorney's fees).

Accordingly, it is **ORDERED**:

1.      Plaintiff Jane Doe's Motion to Commence Proceedings Supplementary (Doc. 93) is **GRANTED IN PART**.

2.      Plaintiff may implead Prescilla Vazquez Cosme, both individually and as trustee of the Obalita 57 Trust dated September 21, 2020, SouthState Bank, N.A., and First Green Park, Inc. once proper notices to appear have been filed with the Court.

3.      By **April 28, 2025**, Plaintiff shall file the impleader complaint and the proposed notices to appear with the Court. Assuming the notices are proper, the Court will direct the Clerk to issue them to Plaintiff for service.

4.      The impleader defendants must respond to the impleader complaint 21 days after service.

5.      Any other or different relief is **DENIED WITHOUT PREJUDICE**.

**ENTERED** in Fort Myers, Florida on April 14, 2025.

Kyle C. Dudek
United States Magistrate Judge

7