UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANE DOE,

      Plaintiff,

v.                                    Case No:  2:22-cv-00200-JLB-DNF

FELIPE JAVIER VAZQUEZ,

      Defendant,

v.

PRESCILLA VAZQUEZ COSME,
both individually and as trustee
of the OBALITA 57 TRUST
DATED SEPTEMBER 21, 2020,
SOUTHSTATE BANK, N.A.,
formerly known as
CENTERSTATE BANK, N.A.;
and FIRST GREEN PARK, INC.
      Impleader-Defendants.
_____/

## ORDER

Before the Court is Plaintiff Jane Doe's Time Sensitive Motion for Preliminary Injunction to Prevent Dissipation of Sale Proceeds (Doc. 117). Plaintiff requests that the Court enjoin Impleader-Defendant Prescilla Vazquez Cosme ("Ms. Cosme"), both individually and as trustee of the Obalita 57 Trust dated September 21, 2020 ("Obalita Trust"), from using, transferring, disseminating, or otherwise dissipating any and all sale proceeds of the real property located at 3140 Friars Cove, Saint Cloud, Florida (the "Friars Cove Property"). (*Id.*).

Impleader-Defendants Ms. Cosme and SouthState Bank, N.A. ("SouthState") responded. (Docs. 119, 122). Upon careful review, the Court concludes that Plaintiff's Motion (Doc. 117) is due to be **DENIED without prejudice** for failure to demonstrate irreparable injury.

## BACKGROUND

Plaintiff's Motion arises out of her attempts to satisfy the more than $11,000,000 judgment that this Court awarded to her against Defendant Felipe Javier Vazquez in 2023. (*See* Docs. 117 at 2–4; 93 at 2; 33 at 1–2; 49; 56). The factual predicate for that judgment is set forth more fully in the U.S. Magistrate Judge's Report & Recommendation (Doc. 48), which this Court adopted in full (Doc. 49).

On March 27, 2025, Plaintiff moved to commence proceedings supplementary under Florida law and implead Ms. Cosme, SouthState, and First Green Park, Inc., alleging that Defendant Vazquez had fraudulently transferred millions of dollars to Ms. Cosme to hinder Plaintiff from satisfying her judgment. (Doc. 93 at 1–2). Plaintiff alleged that Ms. Cosme used the money to purchase the Friars Cove Property and secure mortgages on the property from SouthState and First Green Park, Inc. (*Id.* at 6–9). The Court granted Plaintiff's motion to implead the new defendants, (Doc. 95), and Plaintiff properly recorded a notice of lis pendens against the property on April 21, 2025. (Doc. 117 at 29–30).

Plaintiff's Interpleader Complaint asserts claims for (1) avoidance and recovery of the transfers from Defendant Vazquez to Ms. Cosme under Florida law,

2

(2) the imposition of an equitable lien on the Friars Cove Property and the foreclosure of that lien, and (3) the imposition of a constructive trust onto the Friars Cove Property. (Doc. 96 at ¶¶ 49–75).

Ms. Cosme answered the Interpleader Complaint, denying any wrongdoing but admitting that the Obalita Trust owns the property and that she improved it. (Doc. 111). She also filed an affidavit stating that she has been legally authorized to act on behalf of Defendant Vazquez since 2016, but that the Friars Cove Property was purchased with her own legitimate funds. (Doc. 116 at ¶¶ 4,7). SouthState filed an affidavit and a copy of its mortgage, (Docs. 106-1; 106-2), and First Green Park, Inc. denied having any remaining interest in the property (Doc. 108).

On December 23, 2025, Plaintiff filed this Time Sensitive Motion for Preliminary Injunction to Prevent Dissipation of Sale Proceeds (Doc. 117). Plaintiff's Motion states that Ms. Cosme, individually and as trustee of the Obalita Trust, sold the Friars Cove Property to Osceola County, Florida, via a warranty deed on December 17, 2025, for $7,240,000. (*Id.* at 1–4). Plaintiff seeks a preliminary injunction to prevent Ms. Cosme or her agents from "using, transferring, disseminating, or otherwise dissipating" any proceeds from the sale and to require Ms. Cosme and her agents to notify the Court and Plaintiff of the sale proceeds' current location. (*Id.* at 17). Ms. Cosme and SouthState responded to the Motion. (Docs. 119, 122).

## LEGAL STANDARD

A preliminary injunction is an "extraordinary and drastic remedy" that a district court may grant only if the movant clearly establishes each of the four prerequisites. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citation omitted). The movant must show that "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Id.* (citations omitted). If the movant fails to demonstrate one of the four prerequisites, the court need not analyze the others. *See Pittman v. Cole*, 267 F.3d 1269, 1292 (11th Cir. 2001).

## DISCUSSION

Plaintiff moves for a preliminary injunction to prevent Ms. Cosme and her agents from "using, transferring, disseminating, or otherwise dissipating" any of the proceeds from Ms. Cosme's sale of the Friars Cove Property to Osceola County. (Doc. 117 at 17). In support, Plaintiff argues that she would be irreparably harmed if Ms. Cosme were permitted to use the sale proceeds because Ms. Cosme might "conceal money, engage in self-dealing and further perpetrate her and judgment debtor Vazquez's ongoing scheme of fraudulently transferring money . . . ." (*Id.* at 15–16). Moreover, Plaintiff suggests that Ms. Cosme might transfer the sale proceeds out of the country absent a preliminary injunction. (*Id.* at 16). Plaintiff cites no legal authority to support her irreparable injury discussion, though she

does cite cases regarding injunctive relief elsewhere within her Motion. (*See id.* at 5–6, 15–16).

Ms. Cosme responds that Plaintiff failed to demonstrate irreparable injury, likelihood of success on the merits, and that the balance of hardships is in her favor. (Doc. 119 at 3–9). Regarding irreparable injury, Ms. Cosme argues that injunctive relief is improper where, as here, Plaintiff seeks a levy under Florida Statutes § 56.29(6) or a money judgment under Florida Statutes § 56.29(9). (*Id.* at 3–4). Moreover, Ms. Cosme cites authority stating that the pre-judgment possibility that assets may dissipate does not justify a preliminary injunction. (*Id.* at 3–4).

SouthState argues that Plaintiff failed to demonstrate irreparable injury because Plaintiff's motion is conclusory and her evidence does not include specific facts that entitle her to relief pursuant to Local Rule 6.02(a)(1). (Doc. 122 at 5–6; Local R. 6.02(a)(1); Local R. 6.01(a)(2)).

The irreparable injury prerequisite is often critical in determining whether a preliminary injunction should be granted. *Siegel*, 234 F.3d at 1176. ("[T]he absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper."). "An injury is 'irreparable' only if it cannot be undone through monetary remedies." *Ne. Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990).

Moreover, under Florida law, an injunction "cannot be used to enforce money damages or prevent a party from disposing of assets prior to the conclusion of an action at law." *Lawhon v. Mason*, 611 So. 2d 1367, 1368 (Fla. 2d DCA 1993)

(citations omitted); *see also Action Elec. & Repair, Inc. v. Batelli*, 416 So. 2d 888, 889 (Fla. 4th DCA 1982). The mere possibility that assets may dissipate is not sufficient to demonstrate irreparable injury. *See Hiles v. Auto Bahn Fed'n, Inc.*, 498 So. 2d 997, 998 (Fla. 4th DCA 1986).

Here, Plaintiff fails to demonstrate irreparable injury because the possibility that Ms. Cosme may dissipate sale proceeds does not amount to an irreparable injury under Florida law unless Plaintiff has already procured a judgment against her. *See Lawhon*, 611 So. 2d at 1368; *Hiles*, 498 So. 2d at 998. Because Plaintiff has not yet prevailed in her suit against Ms. Cosme, injunctive relief would be premature. The Court also notes that Plaintiff's underlying lawsuit seeks monetary damages, further indicating that her harm is not irreparable. *See Ne. Fla. Chapter of the Ass'n of Gen. Contractors*, 896 F.2d at 1285.

The cases that Plaintiff cites in support of her motion for preliminary injunction are distinguishable for the same reason. In each case, a judgment either already existed against the enjoined party or the difference between the judgment-debtor and the enjoined party was a legal fiction. For example, in *Tabet v. Tabet*, 644 So. 2d 557, 560 (Fla. 3d DCA 1994), the Florida appellate court reinstated a temporary injunction that prevented an ex-wife from divesting herself of any interest she might have had in several Florida properties. There, the ex-husband already had a final judgment against the wife. *Id.*

Again, in *17315 Collins Ave., LLC v. Fortune Dev. Sales Corp.*, 34 So. 3d 166, 167–68, 170 (Fla. 3d DCA 2010), the Florida court affirmed an injunction that

prevented a judgment-debtor's subsidiary from disposing of net proceeds from the sale of condominium units. But, simultaneously, the trial court pierced the corporate veil between the judgment-debtor and its subsidiary, making the legal distinction between the two a moot point. *See id.* at 167.

Finally, in *Zeuda Corp. v. Grancolombiana Corp. Financiera, S.A.*, 610 So. 2d 509, 510 (Fla. 3d DCA 1992), the court affirmed the impoundment of an arbitration award and remanded the case where there remained an issue as to whether one party was simply the alter ego of another party that owed a debt. If the trial court, on remand, determined that there was no legal distinction between the parties, an injunction would have been proper. *Id.*

However, here, no party argues Defendant Vazquez and Ms. Cosme are legally distinct parties. (*See* Docs. 117, 119, 122). Therefore, the cases cited by Plaintiff are not instructive. While Plaintiff may satisfy her judgment against Defendant Vazquez, injunctive relief for that purpose would not be proper against Ms. Cosme until Plaintiff prevails on her Impleader Complaint.

- *Rest of Page Intentionally Left Blank* -

Because Plaintiff failed to demonstrate that she would suffer an irreparable injury in the absence of a preliminary injunction and because her suit against Ms. Cosme is still ongoing, Plaintiff Jane Doe's Time Sensitive Motion for Preliminary Injunction to Prevent Dissipation of Sale Proceeds (Doc. 117) is **DENIED without prejudice**.

**ORDERED** in Fort Myers, Florida, on January 29, 2026.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE