UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANE DOE,

Plaintiff,

v. Case No: 2:22-cv-00200-JLB-KRH

FELIPE JAVIER VAZQUEZ,

Defendant,

v.

SOUTHSTATE BANK, N.A.,
formerly known as
CENTERSTATE BANK, N.A.,
and FIRST GREEN PARK, INC.

Impleader-Defendants.
_______________________________________/

**ORDER**

This cause comes before the Court on Impleader-Defendant SouthState Bank, N.A. ("SouthState") f/k/a CenterState Bank, N.A.'s Motion for Judgment on the Pleadings (Doc. 123) as to Plaintiff Jane Doe's Impleader Complaint (Doc. 96). Plaintiff filed a response (Doc. 129). Upon careful review, the Court concludes that SouthState's Motion for Judgment on the Pleadings (Doc. 123) is due to be **GRANTED in part** and **DENIED in part**. While events after the filing of Plaintiff's Impleader Complaint (Doc. 96) complicate Plaintiff's claims, based on the allegations of the Impleader Complaint (Doc. 96) alone, judgment in SouthState's favor is proper as to Plaintiff's claim for the imposition of an equitable lien (Count

II) but not as to Plaintiff's claim for the imposition of a constructive trust (Count III).

**BACKGROUND**

Plaintiff is a judgment creditor of Defendant Felipe Javier Vazquez ("Vazquez"), who owes Plaintiff more than $11,000,000. (Doc. 96 at ¶ 1). The factual predicate for that judgment is set forth more fully in the U.S. Magistrate Judge's Report & Recommendation (Doc. 48), which this Court adopted in full (Doc. 49).

Vazquez was formerly a professional baseball player for the Pittsburgh Pirates and earned tens of millions of dollars through that employment. (Doc. 96 at ¶ 20). During the commission of Vazquez's crimes against Plaintiff in 2018 and 2019, Vazquez caused the Pittsburgh Pirates to pay millions of dollars in salary to a bank account owned solely by Prescilla Vazquez Cosme ("Ms. Cosme"), who acted as Vazquez's business manager. (*Id.* at ¶¶ 22–27). On May 21, 2018, Vazquez executed a contract with Ms. Cosme that purported to assign her "90% of any SALARY, BONUS, SIGNING BONUS AND OR INCOME RECEIVED" by Vazquez in exchange for Ms. Cosme's services. (*Id.* at ¶ 25; Doc. 96-6). Plaintiff alleges that Vazquez's transfers to Ms. Cosme were fraudulent because Vazquez made them with actual intent to hinder, delay, or defraud his creditors, including Plaintiff. (Doc. 96 at ¶ 51).

Prior to these transfers, in November of 2017, Ms. Cosme acquired title to real property located at 3140 Friars Cove, Saint Cloud, Florida (the "Friars Cove

Property"). (*Id.* at ¶ 29). Plaintiff alleges that Ms. Cosme used the funds she fraudulently obtained from Vazquez to pay her mortgage and property taxes, and to make improvements to the Property. (*Id.* at ¶ 35). These expenditures totaled $765,434.92. (*Id.* at ¶ 41).

In September 2020, Ms. Cosme transferred her ownership of the Friars Cove Property to the Obalita 57 Trust dated September 21, 2020 ("Obalita Trust"), of which Ms. Cosme is the trustee. (*Id.* at ¶¶ 4, 42–44). After Ms. Cosme transferred the Friars Cove Property to the Obalita Trust, she incurred secured debt against the Property. (*Id.* at ¶ 45). First, on November 5, 2020, SouthState recorded a $2,500,000 mortgage on the Friars Cove Property. (*Id.* at ¶ 46). Then, on April 16, 2022, First Green Park, Inc. recorded a $100,000 mortgage on the Friars Cove Property. (*Id.* at ¶ 47).

On March 27, 2025, after Plaintiff obtained her judgment against Vazquez, Plaintiff moved to commence proceedings supplementary under Florida law and implead Ms. Cosme, both individually and as trustee of the Obalita Trust, as well as SouthState and First Green Park, Inc., as impleader-defendants, to recover the funds that Plaintiff contends Vazquez fraudulently transferred to Ms. Cosme. (Doc. 93). The Court granted Plaintiff's motion. (Doc. 95). Accordingly, Plaintiff filed her Impleader Complaint (Doc. 96) and recorded a notice of lis pendens against the Friars Cove Property on April 21, 2025. (Docs. 96, 117 at 29–30). Plaintiff's Impleader Complaint (Doc. 96) asserted three claims against the Impleader-Defendants. As to Ms. Cosme, Plaintiff asserted a claim for avoidance and recovery

of Vazquez's fraudulent transfers. (*Id.* at ¶¶ 49–57). Second, as to Ms. Cosme, the Obalita Trust, SouthState, and First Green Park, Inc., Plaintiff asserted: (1) a claim for an equitable lien and foreclosure on the Friars Cove Property to recoup the $765,434.92 that Ms. Cosme invested in it, (*id.* at ¶¶ 58–67); and (2) a claim for a constructive trust to be imposed on the Friars Cove Property to enable Plaintiff to recover those investments from the Property or from any subsequent sale of it. (*Id.* at ¶¶ 68–75).

On December 17, 2025, Ms. Cosme, individually and as trustee of the Obalita Trust, sold the Friars Cove Property to Osceola County, Florida, for a total of $7,240,000. (Doc. 117 at 2). Plaintiff quickly sought a preliminary injunction from the Court to prevent the dissipation of the sale proceeds, which the Court denied. (Docs. 117, 127). Osceola County, Florida, then intervened as a defendant to represent its interest in the Friars Cove Property. (Docs. 131, 148).

On January 13, 2026, SouthState filed the instant motion for judgment on the pleadings against Plaintiff (Doc. 123), and Plaintiff filed a response (Doc. 129).

Then, on July 7, 2026, Plaintiff filed a Notice of Resolution as to Ms. Cosme, the Obalita Trust, and Osceola County, Florida. (Doc. 156). The Court terminated those defendants with prejudice and discharged the lis pendens against the Friars Cove Property in accordance with those parties' joint motions. (Doc. 162).

So, SouthState and First Green Park, Inc. are the only remaining Impleader-Defendants in this case. The only motion currently pending is SouthState's motion for judgment on the pleadings as to Plaintiff's claims (Doc. 123).

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (internal quotation marks omitted) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)).

"A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under [Federal] Rule [of Civil Procedure] 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). Thus, in determining whether judgment on the pleadings is appropriate, a court must accept as true all material facts alleged in the non-moving party's pleading and view those facts in the light most favorable to the non-moving party. *Perez*, 774 F.3d at 1335. Judgment on the pleadings should not be granted unless the non-moving party cannot prove any set of facts that would entitle it to relief. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). Additionally, in ruling on a motion for judgment on the pleadings, "the scope of a court's review must be limited to the four corners of the complaint." *Boyd v. Peet*, 249 F. App'x 155, 157 (11th Cir. 2007).

**DISCUSSION**

SouthState's motion for judgment on the pleadings is due to be granted in part and denied in part. As previously noted, Plaintiff asserts two claims against SouthState: a claim for the imposition of an equitable lien (Count II) and a claim for the imposition of a constructive trust (Count III). (Doc. 96 at ¶¶ 58–75). Plaintiff's equitable lien claim fails on the pleadings as to SouthState; however, Plaintiff successfully states a claim for the imposition of a constructive trust.

Plaintiff concedes that her equitable lien claim is no longer viable in light of Ms. Cosme's sale of the Friars Cove Property. (Doc. 129 at 8). However, even if Plaintiff had not made this concession, Florida law prohibits courts from subordinating an earlier-recorded mortgage to an equitable lien. *See Mortg. Assets Mgmt., LLC v. Terraces/Banyan - 2, Inc.*, 326 So. 3d 1140, 1141 (Fla. 4th DCA 2021). Here, there is no dispute that SouthState recorded its mortgage on the Friars Cove Property before Plaintiff filed her Impleader Complaint. (Doc. 96 at ¶ 66). Plaintiff also does not allege that SouthState's mortgage ever lost its perfected status. (*See id.*). Thus, Plaintiff's equitable lien claim fails as a matter of law.

However, Plaintiff properly states a claim for the imposition of a constructive trust. Under Florida law, "[a] constructive trust is a remedy which equity applies in order to do justice." *Wadlington v. Edwards*, 92 So. 2d 629, 631 (Fla. 1957). It is a very flexible remedy. *See Collinson v. Miller*, 903 So. 2d 221, 228 (Fla. 2d DCA 2005). "A court should impose a constructive trust where one party acquired property by fraud or when it is against equity that someone who acquired property

without fraud should continue to retain possession." *Silvas v. Silvas*, 334 So. 3d 630, 632 (Fla. 4th DCA 2022). Nevertheless, the remedy of a constructive trust is "an extraordinary one, subject to discretion of the court and traditional equitable defenses." *Abdo v. Abdo*, 284 So. 3d 1101, 1104 (Fla. 2d DCA 2019) (cleaned up).

Because "a constructive trust is a remedy, not an independent cause of action, it must be imposed based upon an established cause of action." *Id.* at 1103 (cleaned up). The causes of action that may justify the imposition of a constructive trust include "fraud, undue influence, abuse of confidence or mistake in the transaction that originates the problem." *Wadlington*, 92 So. 2d at 631. For example, in *Collinson v. Miller*, 903 So. 2d at 228, the plaintiffs pleaded a claim for the imposition of a constructive trust. Nevertheless, on appeal, the Florida appellate court reviewed whether the plaintiffs had stated a claim for fraud or breach of contract to trigger imposition of a constructive trust. *Id.* Consequently, Plaintiff may state a claim for the imposition of a constructive trust if Plaintiff asserted a valid underlying cause of action for which a constructive trust could be a remedy. *See id.*

Here, Plaintiff states a claim against SouthState for the imposition of a constructive trust stemming from Plaintiff's underlying fraud claim against Ms. Cosme. Count I of Plaintiff's Impleader Complaint (Doc. 96 at ¶¶ 49–57) asserts that, pursuant to Florida Statutes, sections 56.29 and 726.105(1)(a), Plaintiff is entitled to recover funds from Ms. Cosme that Vazquez fraudulently transferred to Ms. Cosme with actual intent to hinder, delay, or defraud his creditors. Ms. Cosme

used $765,434.92 of those funds to maintain and improve the Friars Cove Property. (*Id.* at ¶ 41). Accordingly, Count III seeks a constructive trust against the Friars Cove Property to recover that sum, either from the property itself or from the proceeds of any sale of the property. (*Id.* at ¶¶ 68–75).

Count III is intertwined with the facts underlying Count I. Thus, because Plaintiff's Impleader Complaint (Doc. 96) stated a claim for the avoidance of a fraudulent transfer as to Ms. Cosme, Plaintiff states a claim to impose a constructive trust on the Friars Cove Property and its proceeds under Count III.[1] That SouthState was uninvolved with Ms. Cosme's investments in the Friars Cove Property makes no difference as to whether the imposition of a constructive trust on the Property would be appropriate. *See Browning v. Browning*, 784 So. 2d 1145, 1148 (Fla. 2d DCA 2001) ("[I]mposition of a constructive trust does not depend upon any showing that the party against whom the constructive trust would be imposed has engaged in any type of fraudulent conduct, undue influence, abuse of confidence or mistake . . . ." (quotation omitted)).

SouthState argues that Plaintiff's constructive trust claim fails because Plaintiff has not pleaded the necessary elements under Florida law. (Doc. 123 at 10

[1] The Court acknowledges that Ms. Cosme's subsequent sale of the Friars Cove Property complicates how Plaintiff's constructive trust claim would ultimately proceed in practice. However, at this stage, the Court is limited to the "four corners of the complaint." *Boyd v. Peet*, 249 F. App'x 155, 157 (11th Cir. 2007). Thus, the Court considers only the allegations of the Impleader Complaint (Doc. 96). The Court expresses no opinion whatsoever on whether the imposition of a constructive trust would ultimately be appropriate in this case or whether Plaintiff would be able to trace the proceeds of the Friars Cove Property to Ms. Cosme's repayment of the SouthState loan.

(citing *Casa Express Corp. ex rel. Casa Express Tr. v. Bolivarian Republic of Venezuela*, 158 F.4th 1176, 1187 n.6 (11th Cir. 2025))). These elements generally require a plaintiff to allege: "(1) a promise, express or implied, (2) transfer of the property and reliance thereon, (3) a confidential relationship and (4) unjust enrichment." *Brown v. Regan*, 368 So. 3d 3, 4 (Fla. 4th DCA 2023) (quotation omitted). However, Florida courts recognize that these elements are merely a substitute for pleading an underlying cause of action for which the imposition of a constructive trust could be a remedy. *Collinson*, 903 So. 2d at 228; *Brown*, 368 So. 3d at 4. Thus, because Plaintiff's Impleader Complaint (Doc. 96) asserted an underlying claim for fraud on the face of the Impleader Complaint, Plaintiff was not required to plead the elements for an independent constructive trust claim.

Additionally, SouthState contends that Plaintiff's constructive trust claim fails to state a claim because the Impleader Complaint (Doc. 96) does not allege that Ms. Cosme used any of the fraudulently transferred funds to repay SouthState's loan. (Doc. 123 at 9). This argument puts the cart before the horse. At the time Plaintiff filed her Impleader Complaint (Doc. 96), Ms. Cosme had not yet sold the Friars Cove Property. (*Compare* Doc. 96 *with* Doc. 117). Thus, Plaintiff's pleading naturally focused on the Friars Cove Property itself, rather than on Ms. Cosme's use of the funds to repay the SouthState loan. Florida law permits a plaintiff to impress a constructive trust onto the trust's *res* as it evolves into subsequent forms. *In re Fin. Federated Title and Tr., Inc.*, 273 B.R. 706, 718 (S.D. Fla. 2001), *aff'd* 347 F.3d 880, 881 (11th Cir. 2003). Accordingly, while Plaintiff would ultimately bear the

burden to trace a connection between the proceeds Ms. Cosme obtained from her sale of the Friars Cove Property and the funds Ms. Cosme used to repay the SouthState loan, the Impleader Complaint (Doc. 96) states a claim absent those details. *See id.*

As previously noted, the Court expresses no opinion whatsoever on whether a constructive trust would ultimately be appropriate under the facts of this case. However, based on the Impleader Complaint (Doc. 96) alone, Plaintiff states a claim for the imposition of a constructive trust. A final note: to date, this litigation has been protracted and laborious for the parties. All but one of the claims have been resolved. The final claim, a constructive trust claim, is, by its very nature, fact-intensive and laborious. It will undoubtedly compound the parties' litigation expenses. After careful consideration and review of the litigation's history, the Court will offer the parties a settlement conference to be conducted by a United States Magistrate Judge at no expense to the parties. If the parties confer and believe that a settlement conference could, in good faith, result in an acceptable settlement, the Court will order that such a conference take place.

Accordingly, it is **ORDERED** that:

1. Impleader-Defendant SouthState Bank, N.A. f/k/a CenterState Bank, N.A.'s Motion for Judgment on the Pleadings (Doc. 123) is **GRANTED in part** and **DENIED in part**, granting judgment in favor of

SouthState as to Plaintiff's equitable lien claim (Count II) but denying judgment as to Plaintiff's constructive trust claim (Count III).

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Impleader-Defendant SouthState Bank, N.A. f/k/a CenterState Bank, N.A. and against Plaintiff Jane Doe on Count II.

3. In light of the procedural posture of this case, the Court strongly encourages the parties to engage in robust settlement negotiations. Though a considerable amount of judicial labor has already been spent in this case, the Court will nonetheless offer the parties a settlement conference conducted by a randomly selected U.S. Magistrate Judge to assist them in resolving this matter at no expense to either party, should the parties represent that they desire to engage in good faith settlement negotiations and those negotiations could result in a settlement acceptable to the parties. Accordingly, **the parties shall have fourteen (14) days from the date of this Order to file a joint motion advising the Court of their joint decision whether a settlement conference is requested.** Should either party disagree with engaging in a settlement conference, the joint notice shall **not** indicate which party declined a settlement conference. The joint notice should generally state that the parties decline the Court's

invitation to participate in a settlement conference with a U.S. Magistrate.

**ORDERED** in Fort Myers, Florida, on September 24, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE